Opinion filed December 15, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 15, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00188-CR 

 

                                                    __________

 

                                    ERNEST ACOSTA SR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 259th District Court

 

                                                          Jones
County, Texas

 

                                                     Trial
Court Cause No. 9214

 



 

                                                                   O
P I N I O N

 

The jury convicted Ernest Acosta Sr. of deadly
conduct for knowingly discharging a firearm at or in the direction of an
occupied household, and the trial court assessed a sentence of ten years
confinement.  Appellant alleges that he
was improperly convicted because the trial court wrongfully denied his Batson
challenge.[1]  We find no error and affirm.








Appellant=s
attorney objected to the State=s
peremptory strike of a Hispanic juror. 
The State explained its strike by saying that it circulated the jury
list to the various police stations in the county and that an officer wrote Ano@
next to this juror=s name.  Appellant challenged the State=s reasoning, saying: AJust because some policeman puts you on
a list.@  Appellant offered no evidence or additional
argument, and the trial court denied his challenge.

The Fourteenth Amendment prohibits the use of
peremptory challenges in a racially discriminatory manner.  Batson v. Kentucky, 476 U.S. 79, 89
(1986).  A Batson challenge
involves a shifting burden of proof. 
Appellant was initially required to make a prima facie case of racial
discrimination.  The burden then shifted
to the State to tender a race-neutral reason for its strike.  Ladd v. State, 3 S.W.3d 547, 563 (Tex.
Crim. App. 1999).  The burden rested
finally upon appellant to prove by a preponderance of the evidence that the
discrimination was purposeful.  Id.

Appellant=s
objection and the State=s
explanation were sufficient to satisfy the first two prongs of the Batson
test.  The issue for the trial court was
and the question presented by this appeal is whether the State=s reason for its peremptory strike was
merely pretextual and a cover for a racially motivated challenge.  See Camacho v. State, 864 S.W.2d 524
(Tex. Crim. App. 1993).

The trial court is uniquely situated to determine
the veracity of race-neutral reasons for exercising peremptory challenges.  Therefore, we accord the trial court=s decision great deference and may not
overturn it unless clearly erroneous.  Jasper
v. State, 61 S.W.3d 413, 421-22 (Tex. Crim. App. 2001).  We review all of the evidence in the light
most favorable to the trial court=s
ruling.  Id.

Appellant argues that the State=s reason was tantamount to no reason at
all, suggesting that race rather than the police officer=s
recommendation was the real reason for the strike.  The record does not support this contention.  The State used only seven of its ten
strikes.  Three jurors with Hispanic
surnames were not struck.  Two were
seated on the jury, and the third was struck by appellant.  These are all factors the trial court was
allowed to consider.  See Hughes v.
State, 962 S.W.2d 89, 91 (Tex. App.CHouston
[1st Dist.] 1997, pet. ref=d).  The record does not reflect the reason behind
the officer=s
recommendation or whether any other recommendations were made and, if so,
whether they were followed. 
Consequently, the record contains no indication of inconsistent behavior
by the State.








Appellant relies heavily on the fact that the State
never asked the challenged juror a question and correctly points to cases such
as Chivers v. State, 796 S.W.2d 539, 542 (Tex. App.CDallas 1990, pet. ref=d), for the proposition that the
failure to ask any meaningful questions weighs heavily against the legitimacy
of any race-neutral explanation.  In Chivers,
this proposition was important because the State=s
proffered reason for its strike B
the juror=s alleged
low intelligence B was not
supported by the record.  If the State
was truly worried about the potential juror=s
intelligence, it could have easily asked him a few questions to determine his
ability to serve.

Similarly, in Whitsey v. State, 796 S.W.2d
707, 727-28 (Tex. Crim. App. 1990), the State struck several minority panel
members because of their occupations. 
The State assumed that members of a particular occupation shared common
beliefs without testing this stereotype by asking any questions.  In both instances, it appeared that the State
remained intentionally ignorant for a reason.

This case does not present a similar
situation.  The State=s reasoning was neither based upon a
vague or generalized reason nor upon a stereotype capable of being tested in
voir dire.  It was based upon specific
information unique to this juror.  We
cannot say that the trial court=s
ruling was clearly erroneous when it found that the State=s reliance on a police officer=s recommendation was reasonable and
denied appellant=s
challenge.  Appellant=s sole issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

RICK STRANGE

JUSTICE

 

December 15, 2005

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











     [1]Batson
v. Kentucky, 476 U.S. 79 (1986).